McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Attorneys at Law
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Attorneys for Defendants,
Metropolitan Life Insurance Company and
the Citigroup Long Term Disability Plan

By: _____
       Randi F. Knepper

| | |
|---|---|
| JOSEPH RADOSTI | : UNITED STATES DISTRICT COURT |
| | : SOUTHERN DISTRICT OF NEW YORK |
| Plaintiff, | : |
| | : CIVIL ACTION NO.: 08-cv-4973 (AKH)(GWG) |
| vs. | : |
| | : |
| METROPOLITAN LIFE | : |
| INSURANCE COMPANY; and | : |
| CITIGROUP LONG TERM | : |
| DISABILITY PLAN | : |
| | : |
| Defendants. | : |

## CIVIL ACTION - ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT ON BEHALF OF METROPOLITAN LIFE INSURANCE COMPANY AND CITIGROUP LONG TERM DISABILITY PLAN

Metropolitan Life Insurance Company ("MetLife") and the Citigroup Long Term Disability Plan (the "Plan") (referred to hereinafter collectively as the "Defendants"), by and through their attorneys McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of an answer to the complaint of Joseph Radosti ("Radosti") respond and say:

The Defendants deny the allegations contained in the introductory paragraph, except to admit that the action is governed by the Employee Retirement Income Security Act of 1974, as

amended ("ERISA") 29 U.S.C. § 1001, et seq.

### A.   JURISDICTION

1. Paragraph 1 states a legal conclusion and as such no response is required. To the extent a response is deemed warranted, the Defendants admit that this action is governed by ERISA, and that this Court has jurisdiction as the action is governed by federal law.

2. Paragraph 2 states a legal conclusion and as such no response is required. To the extent that a response is deemed warranted, the Defendants do not contest venue, but otherwise deny the allegations contained in paragraph 2 of the complaint.

### B.   PARTIES

3. The Defendants admit that Radosti was a participant in the Plan while employed by Citigroup, Inc. ("Citigroup") and that the Plan is an ERISA-governed employee welfare benefit plan. The Defendants deny knowledge to form a belief as to the truth or falsity of the current residency of Radosti. To the extent the allegations contained in paragraph 3 are not expressly admitted, the allegations are denied.

4. Paragraph 4 states a legal conclusion and as such no response is required. To the extent that a response is deemed warranted, the Defendants admit that the Plan is an employee welfare benefit plan as defined by 29 U.S.C. § 1002. The Defendants further admit that the plan administrator is the Plans Administration Committee of Citigroup, Inc. and the plan administrator is authorized to accept service. To the extent that the allegations contained in paragraph 4 are not expressly admitted, the allegations are denied.

5. The Defendants deny the allegations contained in paragraph 5 of the complaint.

### C.     FACTUAL BACKGROUND

6.     Paragraph 6 states a legal conclusion and as such no response is required. To the extent that a response is deemed warranted, the Defendants admit that Radosti has exhausted the administrative remedies with respect to his claim for long-term disability benefits under the terms of the Plan and that this issue is ripe for judicial review.

7.     The Defendants admit that MetLife issued to Citigroup a group policy of insurance bearing group policy no. 1137000-2-G to fund benefits under the Plan. To the extent the allegations contained in paragraph 7 are not expressly admitted, the allegations are denied.

8.     The Defendants admit that Radosti was employed by Citigroup as a financial planner beginning September 10, 2001, and that he ceased working on September 5, 2002. The Defendants further admit that Radosti submitted a claim for short-term and, thereafter long-term disability benefits asserting he was disabled as of September 6, 2002. To the extent the allegations contained in paragraph 8 are not expressly admitted, the Defendants deny knowledge to form a belief as to the truth or falsity of the allegations and leave Radosti to his proofs.

9.     The Defendants admit that Radosti was an eligible participant in the Citigroup short-term and long-term disability plans. To the extent the allegations contained in paragraph 9 are not expressly admitted, the allegations are denied.

10.    The Defendants admit that Radosti submitted a claim for disability benefits, seeking benefits under the Plan stating he was disabled as a result of Crohn's Disease. The Defendants further admit that information was received from Radosti's treating physicians at or around the time his claim was submitted. To the extent the allegations contained in paragraph 10 are not expressly admitted, the allegations are denied.

11. The Defendants deny the allegations contained in paragraph 11 of the complaint.

12. The Defendants admit that Radosti was awarded social security benefits on or around June 22, 2003. To the extent the allegations contained in paragraph 12 are not expressly admitted, the allegations are denied.

13. The Defendants admit that MetLife initially approved Radosti's claim for benefits under the Plan and paid him benefits from December 7, 2002 through July 31, 2004. To the extent the allegations contained in paragraph 13 are not expressly admitted, the allegations are denied.

14. The Defendants admit the allegations contained in paragraph 14 of the complaint.

15. The Defendants admit that Radosti's claim for future long-terns disability benefits was denied by MetLife, and his benefits terminated effective July 31, 2004. The Defendants further admit that pursuant to the terms of the Plan, and as Radosti did not return to work for Citigroup after July 31, 2004, his eligibility to participate in the Plan terminated on July 31, 2004. The Defendants refer and incorporate as if set forth herein and at length the terms of the Plan, with respect to eligibility, which speak for themselves. To the extent the allegations contained in paragraph 15 vary, differ or are inconsistent with the terms of the Plan, the allegations are expressly denied.

16. The Defendants admit that Radosti submitted a timely appeal of the claim determination and submitted medical records, including a report of a neuropsychologist, Michael A. Nicholas, Ph.D. The Defendants refer and incorporate as if set forth herein and at length the medical documentation submitted in support of Radosti's appeal with respect to their

content which speaks for themselves. To the extent the allegations contained in paragraph 16 differ, vary or are inconsistent with the medical documentation, the allegations are expressly denied.

17. The Defendants admit that pursuant to the terms of the Plan, MetLife had a right to have Radosti examined, and that MetLife relied upon the administrative record, including reviews by non-examining independent physician consultants, in making the determination that Radosti was no longer eligible for benefits. The Defendants further admit that the denial of Radosti's claim for future benefits was upheld by correspondence dated June 1, 2005. To the extent that the allegations contained in paragraph 17 are not expressly admitted, the allegations are denied.

18. Paragraph 18 states a legal conclusion and as such no response is required. To the extent that a response is deemed warranted, the Defendants admit that Radosti has exhausted the Plans administrative remedies set forth in the Plan with respect to his claim for long-term disability benefits. To the extent the allegations contained in paragraph 18 of the complaint are not expressly admitted, the allegations are denied.

## TERMS OF THE LTD PLAN

19. The Defendants refer and incorporate as if set forth herein and at length the terms of the Plan and as referenced in paragraph 19 of the complaint, as if set forth herein and at length. To the extent the allegations contained in paragraph 19 differ, vary or are inconsistent with the terms of the Plan, the allegations are expressly denied.

20. The Defendants deny the allegations contained in paragraph 20 of the complaint.

21. The Defendants deny the allegations contained in paragraph 21 of the

5

complaint.

22.     The Defendants admit that financial planner was Radosti's occupation under the Plan on his last day at work. To the extent the allegations contained in paragraph 22 of the complaint are not expressly admitted, the allegations are denied.

23.     The Defendants deny the allegations contained in paragraph 23 of the complaint.

24.     The Defendants admit that MetLife requested that independent physician consultant Joseph N. Nesta, M.D., review Radosti's claim and that Dr. Nesta issued a report dated June 15, 2004. The Defendants refer and incorporate as if set forth herein and at length the June 15, 2004 report, which speaks for itself. To the extent the allegations contained in paragraph 24 of the complaint differ, vary or are inconsistent with the report, the allegations are expressly denied.

25.     The Defendants admit the allegations contained in paragraph 25 of the complaint.

26.     The Defendants refer and incorporate as if set forth herein and at length the August 31, 2004, correspondence referenced in paragraph 26 of the complaint, which speaks for itself. To the extent the allegations contained in paragraph 26 of the complaint differ, vary or are inconsistent with the August 31, 2004, correspondence, the allegations are expressly denied.

27.     The Defendants admit the allegations contained in paragraph 27 of the complaint.

28.     The Defendants refer and incorporate as if set forth herein and at length Dr. Nicholas' February 9, 2005 and February 18, 2005 reports, which speak for themselves. To the extent that the allegations contained in paragraph 28 of the complaint differ, vary or are

6

inconsistent with Dr. Nicholas' reports, the allegations are expressly denied.

29. The Defendants refer and incorporate as if set forth herein and at length the June 1, 2005, correspondence referenced in paragraph 29 of the complaint, which speaks for itself. To the extent that the allegations contained in paragraph 29 of the complaint differ, vary or are inconsistent with the June 1, 2005, correspondence, the allegations are expressly denied.

30. The Defendants refer and incorporate as if set forth herein and at length the Crohn's & Colitus Residual Functional Capacity Questionnaire referenced in paragraph 30 of the complaint, which speaks for itself. To the extent that the allegations contained in paragraph 30 of the complaint differ, vary or are inconsistent with this questionnaire, the allegations are expressly denied.

31. Paragraph 31 states a legal conclusion and as such no response is required. To the extent that a response is deemed warranted, the allegations are expressly denied.

32. The Defendants deny the allegations contained in paragraph 32 of the complaint.

33. The Defendants deny the allegations contained in paragraph 33 of the complaint.

34. The Defendants deny the allegations contained in paragraph 34 of the complaint.

35. The Defendants deny the allegations contained in paragraph 35 of the complaint.

## COUNT 1

36. The Defendants refer and incorporate as if set forth herein and at length the

responses to allegations contained in paragraphs 1 through 35 of the complaint. The Defendants deny the allegations contained in paragraph 36 of the complaint.

37. The Defendants deny the allegations contained in paragraph 37 of the complaint.

38. The Defendants deny the allegations contained in paragraph 38 of the complaint.

## COUNT II

39. The Defendants refer and incorporate as if set forth herein and at length the responses to allegations contained in paragraphs 1 through 39 of the complaint.

40. The Defendants deny the allegations contained in paragraph 40 of the complaint.

41. The Defendants deny the allegations contained in paragraph 41 of the complaint.

42. The allegations contained in paragraph 42 lack specificity enough to decipher what is being alleged in paragraph 42 of the complaint and thus violate the notice-pleading requirements of Fed. R. Civ. P. 8. As such, the Defendants deny knowledge to form a belief as to the truth or falsity of the allegations and leave Radosti to his proofs.

43. The Defendants deny the allegations contained in paragraph 43 of the complaint.

44. The Defendants deny the allegations contained in paragraph 44 of the complaint.

45. Paragraph 45 states a legal conclusion and as such no response is required. To

the extent that a response is deemed warranted, the Defendants deny the allegations contained in paragraph 45 of the complaint.

46. Paragraph 46 states a legal conclusion and as such no response is required. Moreover, the allegations contained in paragraph 46 are vague and ambiguous. To the extent that a response is deemed warranted, the Defendants admit that administrators have explicit obligations to respond to requests for information which are set forth in ERISA and its applicable regulations. To the extent the allegations contained in paragraph 46 are not expressly admitted, the allegations are denied.

47. Paragraph 47 states a legal conclusion and as such no response is required. To the extent that a response is deemed warranted, the Defendants admit that 29 U.S.C. § 1132 sets forth a discretionary penalty that is applicable to a plan administrator's failure to provide select documentation as explicitly enumerated in ERISA. To the extent the allegations set forth in paragraph 47 are not explicitly admitted, the allegations are denied.

48. Paragraph 48 sets forth a quotation from ERISA, specifically 29 U.S.C. § 1024. The Defendants refer and incorporate as if set forth herein and at length 29 U.S.C. § 1024. To the extent the allegations contained in paragraph 48 differ, vary or are inconsistent with 29 U.S.C. § 1024, the allegations are expressly denied.

49. Paragraph 49 sets forth a quotation of 29 U.S.C. § 1029 of ERISA. The Defendants refer and incorporate as if set forth herein and at length 29 U.S.C. § 1029. To the extent the allegations contained in paragraph 49 differ, vary or are inconsistent with 29 U.S.C. § 1029, the allegations are expressly denied.

50. The Defendants deny the allegations contained in paragraph 50 of the complaint.

51. The Defendants deny that Citigroup had any obligation to provide any information requested and that Citigroup failed to take any action it was required to take.

52. The Defendants deny knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the complaint and leave Radosti to his proofs.

53. The Defendants deny the allegations contained in paragraph 53 of the complaint.

## COUNT III

54. The Defendants refer and incorporate as if set forth herein and at length the responses to allegations contained in paragraphs 1 through 53 of the complaint.

55. The Defendants deny knowledge to forth a belief as to the truth or falsity of the allegations contained in paragraph 55 of the complaint and leave Radosti to his proofs, except to deny that Radosti is eligible for reinstatement of benefits with respect to any of the Citigroup employee welfare benefit plans.

## COUNT IV

56. The Defendants repeat and reallege their responses to the allegations contained in paragraphs 1 through 55 as if set forth herein and at length.

57. Paragraph 57 states a legal conclusion and as such no response is required. To the extent that a response is deemed warranted, the Defendants admit that the court has discretion to award attorneys' fees pursuant to 29 U.S.C. § I 132(g).

58. The Defendants deny the allegations contained in paragraph 58 of the complaint.

**WHEREFORE,** the Defendants seek judgment dismissing the complaint, cost of suit, attorneys' fees and such other relief as this court deemed equitable and just.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief may be granted.

2. The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms and provisions of the employee welfare benefit plan at issue.

3. The causes of action and/or relief sought should be barred and/or precluded as Radosti is not disabled pursuant to the terms and provisions of the employee welfare benefit plan at issue.

4. The causes of action and/or relief sought should be barred and/or precluded because MetLife's determination regarding Radosti's entitlement to benefits was reasonable and was neither arbitrary nor capricious.

5. The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which ought to be accorded the claim determination.

6. To the extent that Radosti purports to seek legal damages, said request should be stricken from Radosti's complaint for the reason that said damages are not recoverable under ERISA as a matter of law.

7. Any remedy available for any act or omission is limited solely to those remedies available under ERISA.

8. To the extent that Radosti purports to seek compensatory, consequential and/or punitive damages, said request should be stricken from Radosti's complaint for the reason that said damages are not recoverable under ERISA as a matter of law.

9. The Plan is governed by ERISA, which preempts any and all state or common law claims relating to benefits under the Plan.

10.    Radosti's claims are barred because the administrators discharged their duties in the interest of the Plan's participants and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

11.    Radosti is precluded from recovering any of the alleged damages under the terms of the Plan, ERISA and federal common law.

12.    The Defendants assert that Radosti failed to demonstrate his eligibility for benefits under the terms and provisions of the Plan.

13.    The cause of action asserting a claim for failure to produce Plan documents is barred and/or precluded against MetLife and Citigroup as neither MetLife nor Citigroup is the plan administrator.

14.    The cause of action for failure to provide plan documents is barred and/or precluded because no valid request was made to the plan administrator.

15.    Radosti's cause of action for failure to provide documents relevant to the claim is barred and/or precluded and unauthorized and not permitted by ERISA.

16.    The Defendants assert that, to the extent plaintiff is entitled to benefits, which the Defendants claim he is not, the Defendants are entitled to a set-off for any additional income benefits that should be taken into account in calculating plaintiffs long-term disability benefits including, but not limited to, any benefits he receives pursuant to the social security or workers' compensation laws.

17.    The cause of action and or relief sought should be barred and/or precluded based upon the period of limitations.

18.    To the extent (and without admitting that) the plaintiff was entitled to continuing benefits as of the date MetLife determined she was not entitled to benefits, such

entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia,* the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusion and/or limitations.

19.   The Defendants reserve the right to assert any further defenses which may become known during the pendency of this action.

                              **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Attorneys for Defendants,
Metropolitan Life Insurance Company and the
Citigroup Long Term Disability Plan

By: _____
      Randi F. Knepper
      A Member of the Firm

Date: July 2_1_, 2008

1120279_2

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Attorneys at Law
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Attorneys for Defendants,
Metropolitan Life Insurance Company and
the Citigroup Long Term Disability Plan

By: _____
      Randi F. Knepper

| | |
|---|---|
| JOSEPH RADOSTI | : UNITED STATES DISTRICT COURT<br>: SOUTHERN DISTRICT OF NEW YORK<br>: |
| Plaintiff, | : CIVIL ACTION NO.: 08-cv-4973 (AKH)(GWG)<br>: |
| vs. | : <br>: |
| METROPOLITAN LIFE<br>INSURANCE COMPANY; and<br>CITIGROUP LONG TERM<br>DISABILITY PLAN | :<br>:<br>:<br>: |
| Defendants. | : |

## CIVIL ACTION – CERTIFICATE OF SERVICE

    I, Carol Thomas, am employed by the firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for Metropolitan Life Insurance Company ("MetLife") and the Citigroup Long Term Disability Plan (the "Plan") (referred to hereinafter collectively as the "Defendants") in the within matter.

    On July 31, 2008, I served true and accurate copies of the within Answer and this Certification of Service upon the following in accordance with the Federal Rules of Civil Procedure, the electronic filing rules of the United States District Court, Southern District of New York on the following:

Scott M. Riemer, Esq.
Riemer & Associates, LLC
Office and Post Office Address
60 East 42nd Street, Suite 243
New York, NY 10165

Pamela Atkins, Esq.
Atkins & Associates
Attorneys-At-Law, LLC
Office and Post Office Address
1117 Perimeter Center West, Suite W405
Atlanta, GA  30338

I HEREBY CERTIFY that all of the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Carol Thomas

Date: July 31, 2008

1121415_1